UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| LUCILO CABRERA,<br>    Petitioner,<br><br>    v.<br><br>UNITED STATES,<br>    Respondent. | No. 3:22-cv-293 (SRU) |

**ORDER ON MOTION FOR RECONSIDERATION**

Petitioner Lucilo Cabrera ("Cabrera"), proceeding *pro se*, has filed a motion for reconsideration of my order denying his section 2255 habeas petition. For the reasons that follow, I **deny** the motion, **doc. no. 14**.

### I. Standard of Review

The standard for granting motions for reconsideration is "strict." D. Conn. L. Civ. R. 7(c)1. Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Fed. Prac. & Proc. § 4478) (internal quotation marks omitted).

The decision to grant a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009) (quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986)). "Under the law of the case doctrine, when a court has ruled on an issue, that decision should be adhered to by that court in subsequent stages in the same case unless cogent and compelling reasons militate otherwise." *Wisconsin Province of Soc'y of Jesus v. Cassem*, 2020 WL 6198485, at *1 (D. Conn. Oct. 22, 2020) (quoting *Johnson v. Holder*, 564 F.3d 95, 99 (2d Cir. 2009)) (cleaned up).

Federal Rule of Civil Procedure 60(b)(6) gives the district court discretion to vacate an order for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). The Rule "is properly invoked where there are extraordinary circumstances or where the judgment may work an extreme and undue hardship." *Crispin v. Rodriguez*, 2023 WL 1113536, at *2 (2d Cir. Jan. 31, 2023) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986)) (cleaned up). "[A] Rule 60(b)(6) motion may not be used as a substitute for appeal." *Matarese*, 801 F.2d at 107. Parties moving under Rule 60(b) must (1) present highly convincing evidence supporting their motion; (2) demonstrate good cause for failing to act sooner; and (3) show that granting the motion would not impose an undue hardship on opposing parties. *Dunbar v. Jepsen*, 2023 WL 3057145, at *2 (D. Conn. Apr. 24, 2023).

**II.     Discussion**

Cabrera brings his *pro se* motion for reconsideration under Rule 52(b). Doc. No. 14 at 1. Rule 52(b) "may accompany a motion for a new trial under Rule 59" and provides a mechanism for "the court [to] amend its findings—or make additional findings—and . . . amend the judgment accordingly." Fed. R. Civ. P. 52(b). "Under Rule 52(b), a party may 'request clarification or supplementation of the facts found to aid the appellate court in understanding the

factual issues at trial,' even where the judgment will not be altered." *Irazu v. Sainz De Aja*, 2023 WL 2821793, at *1 (D. Conn. Apr. 7, 2023) (quoting *Hartford Roman Catholic Diocesan, Corp. v. Interstate Fire & Cas. Co.*, 2017 WL 3172536, at *1 (D. Conn. July 26, 2017)).

"Rule 52 specifically applies to an action tried on the facts." *Id.* at *2 (cleaned up). I did not hold a trial on Cabrera's section 2255 petition. Cabrera's criminal trial has concluded and he has exhausted the direct appeal of his criminal conviction. *See* Doc. No. 13 at 3. Cabrera's invocation of Rule 52 is thus misplaced.

Cabrera also invokes Rule 59(c) as a basis for his motion. Rule 59(c) requires affidavits to be "filed with the motion" when "a motion for a new trial is based on affidavits." Fed. R. Civ. P. 59(c). Again, Cabrera's request for a new trial is misplaced.

Because Cabrera brings the motion *pro se*, I interpret it "liberally 'to raise the strongest arguments that [it] suggest[s].'" *Willey v. Kirkpatrick*, 801 F.3d 51, 62 (2d Cir. 2015) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)). I therefore interpret Cabrera's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60(b) and Local Rule 7(c). Rule 60(b)(6) allows district courts to grant relief from a final order on enumerated grounds or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Local Rule 7(c) sets certain standards for motions for reconsideration in the District of Connecticut. *See generally* D. Conn. L. Civ. R. 7(c).

I now turn to the arguments raised in Cabrera's motion. Cabrera asserts that he satisfied the prejudice prong of his ineffective assistance claim because "the evidence was enough to find Cabrera . . . guilty at trial." Doc. No. 14 at 2-3 (cleaned up). Cabrera claims, however, that counsel "told him to reject the plea offer" because, in counsel's view, the government lacked sufficient evidence to convict him. *Id.* at 8 ¶¶ 7-8. When I denied Cabrera's section 2255 habeas

3

petition, I reasoned that "[n]either an 'erroneous strategic prediction about the outcome of a trial,' without more, nor trial counsel's purportedly overly-optimistic assessment of his client's chances of prevailing at trial necessarily constitute constitutionally deficient performance.'" Doc. No. 13 at 12 (quoting *Lafler v. Cooper*, 566 U.S. 156, 174 (2012), and citing *United States v. Belfiore*, 473 F. Supp. 3d 72, 78 (E.D.N.Y. 2020)).

Cabrera again asserts that he would have accepted a plea had his counsel properly advised him. *See* Doc. No. 14 at 7-8 ¶¶ 3, 5. He made the same assertion in his section 2255 petition. Doc. No. 1 at 5. In my order denying the petition, I was "not persuaded by [Cabrera's] self-serving assertion that he would have accepted the government's offer had Attorney Mastronardi advised him to do so." Doc. No. 13 at 15. Other evidence—including Mastronardi's affidavit and Cabrera's statements at the *Frye* hearing—contradicted that assertion. *Id.* at 10-11. "Where, as here, a habeas court is faced with self-serving allegations that are contradicted by a credible affirmation by a trial attorney, it may choose to credit the attorney and dismiss the ineffective assistance of counsel claim without further hearings." *Castrillo v. Breslin*, 2005 WL 2792399, at *14 (S.D.N.Y. Oct. 26, 2005); *see also Thai v. United States*, 2007 WL 13416, at *6 (E.D.N.Y. Jan. 2, 2007) (finding no ineffective assistance of counsel where defendant presented only "his own self-serving testimony" to contradict an affidavit from his defense counsel describing an "entirely credible" version of events). Cabrera's self-serving affidavit, attached to the instant motion, is neither "highly convincing evidence supporting [the] motion," *Dunbar*, 2023 WL 3057145, at *2, nor "controlling . . . data that the court overlooked . . . that might reasonably be expected to alter the conclusion." *Shrader*, 70 F.3d at 257. In fact, Cabrera merely repeats same arguments that I rejected when I denied his habeas petition. *Compare* Doc. No. 13 *with* Doc. No. 14.

Finally, Cabrera requests an evidentiary hearing. Doc. No. 14 at 4. I did not hold an evidentiary hearing on Cabrera's section 2255 petition. To the extent Cabrera asks me to reconsider my decision to forgo an evidentiary hearing, I deny the request. District courts are not required to hold evidentiary hearings on section 2255 petitions unless they are, in the Court's view, "warranted." *See generally* Rule 8, R. Governing 2255 Proc. Here, I determined that the record itself was "sufficient to . . . make the necessary factual determinations" without an evidentiary hearing. *See Collado v. United States*, 2021 WL 1893323, at *6 (S.D.N.Y. May 10, 2021).

To the extent Cabrera asks for an evidentiary hearing on his motion for reconsideration, I likewise deny the request. Cabrera claimed that his sister and niece would supplement his motion for reconsideration and "verify [his] version of events during [the] trial proceedings" with their own forthcoming affidavits. Doc. No. 14 at 3, 9 ¶ 11. But Cabrera has not submitted those affidavits. He bears the burden of doing so. *See Dunbar*, 2023 WL 3057145, at *2; *see Shrader*, 70 F.3d at 257.

Cabrera therefore fails to show "extraordinary circumstances" warranting relief from, or reconsideration of, my order denying his section 2255 petition. *Crispin*, 2023 WL 1113536, at *2. No certificate of appealability shall issue. *See* 28 U.S.C. § 2253(c)(2).

So ordered.

Dated at Bridgeport, Connecticut, this 3rd day of June 2025.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge